———o———

## No. 4745.

### Court of Appeal, Parish of Orleans.

### MRS. MARY SCHAFFER VS. EDWARD LAWTON, ET AL.

Where a person petitions the Court to be sent into possession of her mother's estate, alleging that the estate is free from debt, and to which allegations she makes affidavit, she is estopped from thereafter urging a claim against the estate. One will not be permitted to deny what he has solemnly acknoweldged in a judicial proceeding.

Appeal from the Civil District Court, Division "C."

W. J. and P. F. Hennessey, for Appellee.

John P. Sullivan, for Appellants

ESTOPINAL, J. On February 25, 1907, after proper proceedings, Mrs. Mary Lawton, wife of Thomas J. Schaffer, Ellen Lawton, wife of William Rupert, and J. Edward Lawton, James Lawton and Richard Lawton, were recognized as the sole and only heirs-at-law of their mother, Mrs. Ellen Gumelton, widow of James Lawton, who died on February 12, 1907.

On May 27, 1907, Mrs. Mary Lawton, wife of Thomas J. Schaffer and Ellen Lawton, wife of William Rupert, filed a petition for partition in which they made the averment that no longer desiring to hold the property in common with their brothers J. Edward Lawton, James Lawton and Richard Lawton, who with the petitioners had been recognized as the sole children and forced heirs of their mother, prayed that the property be sold at public auction in order to effect a partition.

On May the 14th, 1908, judgment was rendered ordering the partition and referring the parties to Martin S. Mahony, a Notary Public, for the purpose of completing said partition.

The partition and distribution was finally made (May 22, 1908), but the Notary retained in his hands pending action by

—366—

her co-heirs, the sum of One Hundred and Ninety-seven Dollars ($197.00), claimed by Mrs. Mary Schaffer.

On January 25, 1909, the Lawton brothers took a rule against Mrs. Schaffer to show cause why the act of partition should not be amended by distributing equally among the parties the sum of One Hundred and Ninety-seven Dollars ($197.00), now in the hands of the Notary.

On the trial of the rule the defendant in rule, Mrs. Schaffer, testified that at the time of the partition of the estate of her deceased brother, Mike Lawton, she loaned to her mother her share of her brother's estate amounting to One Hundred and Ninety-seven Dollars ($187.00), that her brothers received their share, each, the same amount.

This testimony touching the indebtedness of the mother was objected to on the ground that "Mrs. Schaffer as one of the heirs of her mother, had sworn that the succession of her mother was free from debt, and upon that oath had obtained a judgment sending all the heirs into possession of the real estate in equal proportions, and was therefore estopped from asserting any claim against said estate."

The objection was overruled. We are of opinion that the lower court erred in this ruling. The affidavit made by the defendant in rule on the faith of which she and her co-heirs were sent into possession and an equal distribution of the estate ordered made, cannot, when this distribution is attempted to be made, set up that her mother is indebted to her. She is clearly estopped.

But even though her claim was not thus defeated, we believe the plea of prescription urged by plaintiff in rule is good.

Mrs. Schaffer says it was a loan that she made her mother. This was seven years before her mother's death. If a verbal loan, the prescription of three years applies.

The record is clear, and it is unnecessary to consider conditions not disclosed by the record.

The rule to amend the act of partition so as to include the One Hundred and Ninety-seven Dollars ($197.00) retained by the notary was made absolute. This was not error, and the judgment must be affirmed, and it is hereby affirmed.

June 15, 1909.

Rehearing refused, June 25, 1909.